**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

BARRY BOWLES,

    Plaintiff - Appellant,

v.

GRANT TRUCKING, LLC; DAVE
GRANT HAY, INC.,

    Defendants - Appellees,

and

GRANT TRANSPORTATION
SERVICES, INC.,

    Defendant.

No. 19-4135
(D.C. No. 1:16-CV-00123-DB)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **HOLMES**, and **EID**, Circuit Judges.
_____

Barry Bowles sued his former employer, Grant Trucking, LLC ("Grant

Trucking"), for violating the Americans with Disabilities Act (ADA),

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

42 U.S.C. §§ 12101–12213. The district court entered summary judgment for Grant Trucking, concluding that Bowles had not established that Grant Trucking maintained fifteen or more employees such that it qualified as an employer under the ADA at the relevant times. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the judgment of the district court.

## BACKGROUND

Bowles worked for Grant Trucking as a dump truck driver from 2006 to mid-2014. In his First Amended Complaint, he sued Grant Trucking and its parent company, Dave Grant Hay, Inc. ("DGHI"), for disability discrimination in violation of the ADA. The district court, though, dismissed all claims against DGHI under Rule 12(b)(1) of the Federal Rules of Civil Procedure because Bowles failed to exhaust his administrative remedies. While Bowles completed the Equal Employment Opportunity Commission ("EEOC") investigation and conciliation process for Grant Trucking, he did not do so for DGHI.[1] Indeed, Bowles did not name DGHI in his charge of discrimination before the EEOC. The district court concluded that "there is not a sufficient identity of interest between Grant Trucking, LLC and DGHI to satisfy the notice and conciliation purposes of administrative exhaustion under the ADA." Aplt. App. at 36.

---

[1] A litigant must file a timely charge of discrimination with the EEOC before bringing a suit under the ADA in federal court. 42 U.S.C. § 2000e-5(f)(1); *id.* § 12117(a) (incorporating section 2000e-5 into the ADA); *see also Romero v. Union Pac. R.R.*, 615 F.2d 1303, 1311 (10th Cir. 1980) ("The filing of a timely charge of discrimination with the EEOC is a jurisdictional prerequisite to the institution of a lawsuit.").

After some discovery, Bowles moved for summary judgment on the issue of whether Grant Trucking, as a matter of law, is a covered entity under the ADA. *See* 42 U.S.C. § 12111(5)(A) (defining "employer" under the ADA as "ha[ving] 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year"). Grant Trucking did not file a cross-motion for summary judgment, but it argued in its response that "[a]t worst, Bowles' [m]otion serves to illustrate that he cannot meet his burden of proof that the ADA applies to Grant Trucking as a covered entity, and his action should be dismissed." Aplt. App. at 53. Grant Trucking also filed a 481-page appendix, which included payroll records for 2013 and 2014 and a summary chart showing that it employed between eight and twelve employees for every week in those years. The appendix also included a declaration by David Grant Jr., its president, attesting that four individuals whom Bowles identified as Grant Trucking employees were either employees or top-level executives of DGHI.

Bowles filed a reply brief in support of his motion for summary judgment, in which he had an opportunity to address Grant Trucking's factual statements and these materials. In his reply brief, Bowles argued, inter alia, that Grant Trucking and DGHI should be considered a single employer as a matter of law, so that DGHI employees also counted as Grant Trucking employees for the purpose of determining ADA coverage.

The district court denied Bowles' motion for summary judgment and, sua sponte, entered summary judgment in favor of Grant Trucking, concluding no

3

genuine issue of material fact existed as to whether Grant Trucking was a covered employer under the ADA. Bowles now appeals.

## DISCUSSION

We review the district court's grant of summary judgment to Grant Trucking de novo, applying the same legal standards the district court applied under Federal Rule of Civil Procedure 56(a). *Jordan v. Maxim Healthcare Servs., Inc.*, 950 F.3d 724, 730 (10th Cir. 2020). "To that end, we must draw all reasonable inferences and resolve all factual disputes in favor of [Bowles]." *Id.* "We will affirm a grant of summary judgment if [Grant Trucking] shows that there is no genuine dispute as to any material fact and [it] is entitled to judgment as a matter of law." *Id.* (internal quotation marks omitted).

Bowles advances two principal arguments on appeal. He first contends the district court erred in granting summary judgment to Grant Trucking when Grant Trucking did not file a formal cross-motion. Second, he argues the district court erred in denying his motion for summary judgment and should have concluded as a matter of law that Grant Trucking was subject to the ADA because it had fifteen or more employees at the relevant times.

### 1. *Whether granting summary judgment to Grant Trucking resulted in procedural prejudice to Bowles*

Bowles first argues it was error for the district court to enter summary judgment against him when Grant Trucking did not file a cross-motion requesting that relief. He asserts this procedural course was prejudicial to him because he did

4

not have the opportunity to come forward with additional evidence that would have established a genuine issue of material fact. He also argues that the district court's sua sponte grant of summary judgment was prejudicial because the court considered only whether Grant Trucking and DGHI were liable under the joint-employer test, whereas he urged liability under a single-employer test.

A court may enter summary judgment in favor of a nonmoving party so long as the parties' submissions resulted in a sufficiently developed factual record. *See Hawkins v. Schwan's Home Serv., Inc.*, 778 F.3d 877, 883 (10th Cir. 2015). In *Johnson v. Weld County,* we discussed the circumstances where we will affirm a sua sponte grant of summary judgment:

> Though we generally don't favor the granting of summary judgment *sua sponte*, a district court may do so if the losing party was on notice that [he] had to come forward with all of [his] evidence. And even if such notice is lacking, we will still affirm a grant of summary judgment if the losing party suffered no prejudice from the lack of notice.

594 F.3d 1202, 1214 (10th Cir. 2010) (citation and internal quotation marks omitted). We held that a plaintiff had not demonstrated prejudice where "she relie[d] on exactly the same evidence and arguments she made before the district court, and identifie[d] no way in which she was prejudiced by the district court's chosen procedural course." *Id.*

By moving for summary judgment, Bowles represented that the undisputed material facts compelled the court, as a matter of law, to resolve the issue of whether Grant Trucking was a covered employer under the ADA in his favor. In its response, Grant Trucking urged that the record compelled the opposite conclusion, expressly

5

citing *Hawkins. See* Aplt. App. at 74–75. In his reply, Bowles invoked the single-employer test. *See id.* at 97–100. Under these circumstances, we reject Bowles' argument that the district court unfairly deprived him of an opportunity to come forward with additional evidence before entering summary judgment against him.

As an offer of proof of materials he would have submitted if Grant Trucking had formally moved for summary judgment, Bowles cites testimony from the deposition of David Grant Jr., which Bowles took after all parties completed briefing on the motion for summary judgment but before the court ruled. Specifically, Grant Jr. testified that some of DGHI's accounting practices included dividing a common financial "bucket" with Grant Trucking. Bowles contends this testimony would further support liability when applying the single-employer test to Grant Trucking and DGHI. However, as detailed below, the single-employer test is inapplicable here because DGHI is not a party. Therefore, this testimony would not affect the district court's ultimate conclusion that Grant Trucking did not have fifteen or more employees for more than twenty weeks in 2013 or 2014. Bowles did not suffer prejudice from the lack of notice.

> ### 2. *Appropriateness of granting summary judgment to Grant Trucking and denying summary judgment to Bowles*

Bowles next argues the district court erred substantively in denying his motion for summary judgment. He contends that (a) the undisputed material facts set forth in his motion showed Grant Trucking had fifteen or more employees at the relevant

times, (b) the district court should have disregarded Grant Jr.'s declaration in Grant Trucking's opposition to his motion under the "sham affidavit" doctrine, (c) the district court erroneously excluded certain shareholders and officers when calculating the number of Grant Trucking employees, and (d) the district court should have applied the single-employer test when calculating the number of Grant Trucking employees.

  *a. Whether certain individuals count as Grant Trucking employees under the ADA*

In his motion for summary judgment, Bowles argued the undisputed material facts showed Grant Trucking employed fifteen or more employees for more than twenty weeks during the years 2013 and 2014, the two years prior to his resignation. In support of this contention, he used Grant Trucking's responses to his interrogatories to create a chart showing the employment periods of twenty-five Grant Trucking employees. The employees in Bowles' computation did not work every week of 2013 and 2014, but the total number of employees for more than twenty weeks in each of those years was fifteen or more.

In its opposition to the motion, Grant Trucking provided paystubs for every person it employed for 2013 and 2014. Grant Trucking used this information to create its own chart showing it had only twenty total employees during that time period and that it did not have more than twelve employees at any point in 2013 or 2014.

Between the parties' disparate calculations, there were seven individuals whom Bowles identified as Grant Trucking employees for purposes of computing ADA coverage but whom Grant Trucking contended did not count for that purpose: David R. Grant Jr., David Grant Sr., Curt Pilcher, Dallas Hess, Eric Quilter, Karla Dolan, and Wayne McCollum. Grant Trucking argued these individuals were employees of DGHI and—in the case of Grant Jr., Pilcher, Hess, and McCollum— top-level supervisors who do not count as employees when determining coverage under the ADA. Bowles argued that Pilcher, Hess, and McCollum did count as employees, and that DGHI employees should have been included in Grant Trucking's headcount under the single-employer test.

Bowles now argues the district court erred in rejecting his analysis and adopting that of Grant Trucking. According to Bowles, his spreadsheet shows that "not only did Grant Trucking have more than 15 employees for more than 20 weeks in the current (2014) or preceding (2013) year, it had 15 employees for the *entire* time period." Aplt. Br. at 18. The validity of this argument depends on the arguments that come after it. If, as Bowles urges, this court adds DGHI employees and Grant Trucking officers and directors to Grant Trucking's headcount, then Grant Trucking has fifteen or more employees and is subject to the ADA. If those additions are not proper, then the district court was correct to enter summary judgment against Bowles. We therefore consider Bowles' challenges to the Grant Jr. declaration, his argument that certain officers and directors should count as employees under the

8

ADA, and his invocation of the single-employer test to argue that certain DGHI employees also count as Grant Trucking employees.

> b. *Whether the district court should have disregarded Grant Jr.'s sworn declaration under the "sham affidavit" doctrine*

To support its opposition to Bowles' motion for summary judgment, Grant Trucking submitted a sworn declaration from Grant Jr., its president. Bowles argues the district court should have disregarded the declaration because it was inconsistent with Grant Trucking's responses to earlier-served interrogatories. *See Franks v. Nimmo,* 796 F.2d 1230, 1237 (10th Cir. 1986) (holding that district courts reviewing a summary judgment motion "will disregard a contrary affidavit when they conclude that it constitutes an attempt to create a sham fact issue"). In particular, Bowles alleges the declaration and interrogatory responses differ in their characterization of the roles played by Grant Sr., Hess, Quilter, and McCollum in Grant Trucking and DGHI to such a degree that the district court should have disregarded the declaration.

We review the district court's decision whether to exclude evidence at the summary judgment stage for abuse of discretion. *Lantec, Inc. v. Novell, Inc.*, 306 F.3d 1003, 1016 (10th Cir. 2002). "Under this standard we will not disturb the district court's decision unless we have a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Id.* (alterations and internal quotation marks omitted). Because the record does not support Bowles' claims of inconsistency, the district court did not abuse its discretion in considering the declaration.

9

In his interrogatories, Bowles requested that Grant Trucking identify individuals based on the roles they performed. He did not serve a request for a list of employees. For example, he requested that Grant Trucking "identify all individuals who had a role in hiring" him in 2006 and in "supervising, evaluating, or paying" him in 2013 and 2014. Aplt. App. at 120. He also requested that Grant Trucking "[i]dentify the maintenance personnel, [c]ompany mechanics, and the shop foreman . . . employed in 2013 and 2014," *id.* at 123, and that it "[i]dentify all individuals who provided bookkeeping, payroll, and/or accounting services to Grant Trucking in 2013 and 2014," *id.* at 138. In its responses to these interrogatories, Grant Trucking named, inter alia, Grant Jr., Grant Sr., Pilcher, Hess, Quilter, Dolan, and McCollum as having performed these functions. *Id.* at 121 (identifying Grant Jr., Grant Sr., and Pilcher as "those who worked together to manage, supervise and conduct the hiring process for Grant Trucking"); *id.* at 124 (identifying Hess and Quilter as "the maintenance personnel, mechanics, or shop foreman for Grant Trucking in 2013 and 2014"); *id.* at 139 (stating "Wayne McCollum acted as CFO at the time and was in charge of all accounting for Grant Trucking and Karla Dolan was the person in charge of compiling payroll data for Grant Trucking").

In his declaration, Grant Jr. specified that while Pilcher, Hess, Quilter, Dolan, and McCollum performed services for Grant Trucking, they were not employees of Grant Trucking, but either officers or employees of DGHI who billed Grant Trucking through DGHI for their services. *Id.* at 204–07. He also stated that Grant Sr. "is a shareholder and CEO of DGHI and not an employee, officer, member or manager of

10

Grant Trucking," who "has not had anything to do with Grant Trucking since well before 2013 and earlier." *Id.* at 207. These statements are consistent with Grant Trucking's interrogatory responses: an individual can perform services for a company without necessarily qualifying as an employee of that company. We therefore reject Bowles' contention that the district court should have disregarded the entire Grant Jr. declaration as a sham when it considered the motion for summary judgment.

   c. *Whether Pilcher, Hess, and McCollum are employees of Grant Trucking*

Bowles argues that Pilcher, Hess, and McCollum should have counted as Grant Trucking employees, notwithstanding their titles as top-level officers, under *Clackamas Gastroenterology Associates, P.C. v. Wells*, 538 U.S. 440, 449–50 (2003).[2] In *Clackamas*, the Supreme Court set forth a six-factor test for determining whether, in some circumstances, a shareholder-director of a company counts as an employee for purposes of determining coverage under federal antidiscrimination statutes. *Id.* However, even if Pilcher, Hess, and McCollum were added to Grant Trucking's employee headcount for all of 2013 and 2014, the headcount still would not total fifteen or more for twenty weeks in either year. We need not decide whether and to what extent *Clackamas* applies to the facts of this case because it

---

   [2] Bowles does not argue that any other individuals associated with Grant Trucking/DGHI (such as Grant Sr., Grant Jr., or Quilter) should have counted as "employees" under *Clackamas*. *See* Aplt. Br. at 24–28.

11

would not affect the ultimate determination of whether the ADA applies to Grant Trucking.

### d. Whether DGHI employees count as Grant Trucking employees under the single-employer test

"The doctrine of limited liability creates a strong presumption that a parent company is not the employer of its subsidiary's employees, and the courts have found otherwise only in extraordinary circumstances." *Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1362 (10th Cir. 1993). The district court concluded Bowles failed to present sufficient evidence to overcome this strong presumption with respect to DGHI and its wholly owned subsidiary, Grant Trucking. But Bowles, relying principally on *Bristol v. Board of County Commissioners of County of Clear Creek*, 312 F.3d 1213, 1218 (10th Cir. 2002) (en banc), argues that Grant Trucking and DGHI were so intertwined with one another that they should be considered a single employer under the ADA. He therefore argues that employees of DGHI should also be considered employees of Grant Trucking, and that, counting those employees, Grant Trucking met or exceeded the fifteen-employee threshold. He contends that the district court erred because, instead of considering whether Grant Trucking and DGHI were a single employer, it considered whether they were joint employers. We reject this argument because, while the single-employer test may have provided a basis for Bowles to sue DGHI, it does not provide a basis to conclude that DGHI employees are actually Grant Trucking employees.

In *Bristol*, this court recognized there are circumstances where "a plaintiff who is the employee of one entity may seek to hold *another entity* liable by arguing that the two entities effectively constitute a single employer," *id.* at 1218 (emphasis added). The single-employer test differs from the joint-employer test in that the former "asks whether two nominally separate entities should in fact be treated as an integrated enterprise," whereas the latter "assumes that the alleged employers are separate entities." *Id.*

This case, however, does not present a situation where Bowles, who is the employee of Grant Trucking, seeks to hold another entity (DGHI) liable, by arguing that it and Grant Trucking effectively constitute a single employer. Instead, Bowles seeks to hold Grant Trucking liable even though it did not have fifteen or more employees for the requisite time period to be covered under the ADA by including DGHI's employees in Grant Trucking's headcount. While Bowles at one time sought to sue DGHI as well as Grant Trucking, the district court dismissed all claims against DGHI because he failed to exhaust his administrative remedies. Bowles does not appeal that dismissal.[3] Nor does he set forth any alternative theory through which we might conclude Grant Trucking is subject to the ADA. The district court therefore

---

[3] In what we could potentially construe as a challenge to the district court's dismissal order, Bowles argues in his reply brief that the single-employer theory "is [an] exception to the charge filing requirement" of the ADA. Reply Br. at 15. But "the general rule in this circuit is that a party waives issues and arguments raised for the first time in a reply brief," *M.D. Mark, Inc. v. Kerr-McGee Corp.*, 565 F.3d 753, 768 n.7 (10th Cir. 2009), so we do not consider this argument.

correctly concluded as a matter of law that the ADA did not apply to Grant Trucking because it employed fewer than fifteen employees at the relevant times.

## CONCLUSION

For the foregoing reasons, we affirm the district court's entry of summary judgment in favor of Grant Trucking.  We grant Bowles' motion to supplement the appellate record.

Entered for the Court


Jerome A. Holmes
Circuit Judge